IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | | |
|---|---|---|
| Arkeenya Lofton, | ) | CIVIL ACTION NO._____ |
| | ) | |
| Plaintiff, | ) | <u>COMPLAINT</u> |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| Parallon Enterprises, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

<u>NATURE OF THE ACTION</u>

This is an action under Title VII of the Civil Rights Act, as amended, and the Americans with Disabilities Act, as amended, to correct unlawful employment practices and to provide relief to Plaintiff Arkeenya Lofton who was adversely affected by such practices. As alleged with greater specificity below, the employer Defendant, Parallon Enterprises, LLC, subjected its employee, Plaintiff Arkeenya Lofton, to unlawful employment discrimination and retaliation.

<u>JURISDICTION AND VENUE</u>

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, and 1367. This action is authorized and instituted pursuant to Section 703 of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e-2, Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. ("ADA"), 42 U.S.C. § 12112(a), 29 C.F.R. § 1630.4, and 42 U.S.C. § 2000e-3(a). This Court has supplementary jurisdiction over the counts brought under the Florida Civil Rights Act.

2.   The unlawful employment practices alleged in this Complaint were committed within the jurisdiction of the United States District Court for the Southern District of Florida.  Therefore, in accordance with 28 U.S.C. §1391, venue is appropriate in this Court.

PARTIES

3.   During all times material, Plaintiff, Arkeenya Lofton ("Plaintiff" or "Lofton"), was an employee of Defendant Parallon Enterprises, LLC ("Defendant"), resided in Broward County, Florida and the causes of action accrued in the jurisdiction of the United States District Court for the Southern District of Florida.

4.   During all times material, Defendant provided healthcare services in Broward County, Florida and employed Lofton.

5.   At all relevant times, Defendant has continuously been doing business in the State of Florida and has continuously had at least 15 employees.

6.   At all relevant times, Defendant has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).   At all relevant times, Defendant has continuously been an employer within the meaning of 42 U.S.C. §2000e(b), 42 U.S. Code § 12111(b), and Florida Statute § 760.02(7).

CONDITIONS PRECEDENT

7.   Lofton has exhausted all the requisite administrative remedies prior to bringing this action.  Specifically, but not as a limitation, Lofton timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant.  Pursuant to a work sharing agreement, the Charge was dual filed with the Florida Commission on Human Relations ("FCHR").

8.   The EEOC sent Plaintiff a Notice of Right to Sue on or about January 11, 2021.  Lofton timely commenced this action.  As to the claims arising under the Florida Civil Rights Act, more than one hundred eighty days have passed since the filing of the Charge and the FCHR has not issued either a "cause" or "no cause" finding.

<u>STATEMENT OF FACTS</u>

9.   Lofton is an American female.

10. Lofton began employment with Defendant in May 2018 as a patient registrar.

11. Starting during approximately August 2018, Lofton was harassed by co-workers of Caribbean descent.

12. Only the Caribbean co-workers would berate Lofton pervasively to the point of causing depression and anxiety.

13. The Caribbean co-workers would also purposely create the illusion that Lofton was not working by removing Lofton's name from assignments to patients within the Defendant's computer system then taking photos of the monitor and showing it to Manager Derrell Spivey. The aforesaid deception was done because Lofton is not Caribbean, and instead American.

14. Lofton then told Manager Spivey that she was being harassed by her fellow co-workers.

15. As the hostile behavior continued, on or about February 19, 2019 Lofton complained again to Manager Spivey in hopes of ending the hostility. Manager Spivey responded to Lofton with words along the lines of, "I am tired of the complaining. It is time to get written up." Lofton was then given a written reprimand the next day.

16. Due to management's failure to protect her from hostility, Lofton requested medical leave on or about February 22, 2019.

17. When Lofton returned to work from medical leave in June 2019, as a reasonable accommodation she requested that she be put on a work shift that separates her from the aforementioned Caribbean employees that are being hostile towards her.

18. Lofton's shift was then changed to 11:00am to 7:00pm as a reasonable accommodation. However, shortly thereafter Lofton's shift was changed again to 6:00pm to 2:00am, and Ms. Lofton was told that her shift would eventually change again to 11:00pm to 7:00am. Lofton was unable to work the 6:00pm to 2:00am shift and the 11:00pm to 7:00am shift due to her disabilities.

19. The shift change to 6:00pm to 2:00am, and the planned eventual change to 11:00pm to 7:00am were done by Manager Spivey and Director Kisha Edwards only to please one of Defendant's Caribbean employees, Pamela Harris. Thus, in a very short time, Lofton lost her reasonable accommodation that was not an undue burden upon Defendant.

20. Lofton told Manager Spivey and Director Edwards of her inability to work 6:00pm to 2:00am, and 11:00pm to 7:00am.  Both Manager Spivey and Director Edwards were dismissive and told Lofton they were not going to change their minds.

21. On or about June 19, 2019, Lofton was called into a meeting with Ms. Harris, Manager Spivey, and Director Edwards.

22. During the meeting, Lofton expressed her objective belief that certain employees get preferential treatment within the work place.  Ms. Harris then slapped Lofton on her hand with extreme physical force, then slapped Lofton in the face with extreme physical force in front of Manager Spivey and Director Edwards.

23. Lofton called the police and the police came. Soon afterwards, Lofton went to the hospital.

24. The day after the meeting where Lofton was attacked by Ms. Harris, Lofton was suspended without pay.

25. Then on or about June 24, 2019, Lofton's employment was terminated by Defendant.

26. During all times material, Defendant's employees, including, but not limited to, Pamela Harris, Manager Derrell Spivey, and Director Kisha Edwards, acted within the scope of their employment with Defendant.

## COUNT I
## HOSTILE WORK ENVIRONMENT BASED ON NATIONAL ORIGIN
### (Title VII)

27. The allegations set forth in Paragraphs 1 through 8, and 10 are re-alleged as if fully set forth herein.

28. Plaintiff is of American national origin.

29. Plaintiff was the victim of discrimination on the basis of her national origin in violation of Title VII of the Civil Rights Act, as amended.

30. Defendant's Caribbean employees regularly tried to end Lofton's employment with Defendant by falsely accusing Lofton of breaking work policies and the Caribbean employees altered patient records to remove Lofton's name as the patient registrar assigned.  The Caribbean employees engaged in such deception to end Lofton's employment because of Lofton's national origin.

31. Only Lofton's Caribbean co-workers would berate Lofton pervasively to the point of causing her depression and anxiety.

32. On or about August 2018, Lofton then told Manager Derrell Spivey, Director Kisha Edwards and human resource employee, Vincenza Billisi, that she was being harassed by her fellow co-workers.

33. As the hostile behavior continued, on or about February 19, 2019 Lofton complained again to Manager Spivey in hopes of ending the hostility.

34. On or about February 2019, Lofton went to the Ethics Department of Defendant and spoke to Gail McLuckie about the aforementioned hostile behavior from Defendant's Caribbean employees.

35. Due to management's failure to protect her from hostility, Lofton requested medical leave on or about February 22, 2019.

36. Lofton returned from medical leave in June 2019.  As a result of Lofton's national origin, Caribbean employee of Defendant, Pamela Harris, physically assaulted and battered Lofton during work hours, on Defendant's property, and in front of Manager Spivey and Director Kisha Edwards.

37. The totality of the aforementioned hostile behavior towards Lofton was sufficiently severe and pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment based on Plaintiff's national origin.

38. Similarly-situated employees not in Plaintiff's protected class of American, were more favorably treated and were not assaulted and battered, and not pervasively berated.

39. Plaintiff is qualified for the position of patient registrar.

40. As a result of the Defendant's unlawful hostile work environment based on her national origin, Plaintiff has suffered mental anguish and embarrassment.

41. During all times material, Defendant's employees, including, but not limited to, Pamela Harris, Manager Derrell Spivey, and Director Kisha Edwards, acted within the scope of their employment with Defendant.

42. Lofton has exhausted all the requisite administrative remedies prior to bringing this action. Specifically, but not as a limitation, Lofton timely filed a Charge of Discrimination with the EEOC.  Pursuant to a work sharing agreement, the Charge was dual filed with the FCHR.

43. The EEOC provided Lofton with a Right to Sue letter on or about January 11, 2021. Lofton timely commenced this action.

WHEREFORE Plaintiff demands judgment against Defendant and respectfully requests declaratory relief and all damages, including back pay, front pay, wages, salary, and fringe benefits, compensatory damages, including those for future loss, emotional distress, pain and suffering, inconvenience and embarrassment, mental anguish, and enjoyment of life, punitive damages, plus pre-judgment interest, post-judgment interest, taxable costs and attorneys' fees, and any other relief deemed just and proper by the Court.

**COUNT II**
**RETALIATION DUE TO OPPOSING NATIONAL ORIGIN DISCRIMINATION**
**(Written Reprimand)**
**(42 U.S.C. § 2000e-3)**

44. The allegations set forth in Paragraphs 1 through 8, and 10 are re-alleged as if fully set forth herein.

45. Lofton was the victim of retaliation due to her opposing a hostile work environment based on her national origin in violation of Title VII of the Civil Rights Act, as amended.

46. Lofton is an individual who is of American national origin.

47. Defendant's Caribbean employees regularly tried to end Plaintiff's employment with Defendant by falsely accusing Lofton of breaking work policies and the Caribbean employees altered patient records to remove Lofton's name as the patient registrar assigned. The Caribbean employees engaged in such deception to end Lofton's employment because of Lofton's national origin.

48. Only Lofton's Caribbean co-workers would berate Lofton pervasively to the point of causing her depression and anxiety.

49. On or about August 2018, Lofton then told Manager Derrell Spivey, Director Kisha Edwards and human resource employee, Vincenza Billisi, that she was being harassed by her fellow co-workers.

50. On or about early February 2019, Ms. Lofton went to the Ethics Department of Defendant and spoke to Gail McLuckie about the aforementioned hostile behavior from Defendant's Caribbean employees.

51. As the hostile behavior continued, on or about February 19, 2019 Lofton complained again to Manager Derrell Spivey in hopes of ending the harassment. Manager Spivey responded to Lofton with words along the lines of, "I am tired of the complaining. It is time to get written up." Lofton was then given a written reprimand the next day.

52. Due to the written reprimand and management's indifference to the aforementioned hostile behavior towards Lofton, Lofton was dissuaded from making a charge of discrimination based on her national origin.

53. So much so, that Lofton went on medical leave after she received the written reprimand rather than make any more complaints.

54. Defendant has no legitimate non-retaliatory, non-discriminatory reason for giving Lofton the written reprimand.

55. Plaintiff is qualified for the position of patient registrar.

56. During all times material, Defendant's employees, including, but not limited to, Pamela Harris, Manager Derrell Spivey, and Director Kisha Edwards, acted within the scope of their employment with Defendant.

57. Lofton has exhausted all the requisite administrative remedies prior to bringing this action. Specifically, but not as a limitation, Lofton timely filed a Charge of Discrimination with the EEOC.  Pursuant to a work sharing agreement, the Charge was dual filed with the FCHR.

58. The EEOC provided Lofton with a Right to Sue letter on or about January 11, 2021. Lofton timely commenced this action.

WHEREFORE Plaintiff demands judgment against Defendant and respectfully requests declaratory relief and all damages, including back pay, front pay, wages, salary, and fringe benefits, compensatory damages, including those for future loss, emotional distress, pain and suffering, inconvenience and embarrassment, mental anguish, and enjoyment of life, punitive damages, plus pre-judgment interest, post-judgment interest, taxable costs and attorneys' fees, and any other relief deemed just and proper by the Court.

**COUNT III**
**RETALIATION DUE TO OPPOSING HOSTILE WORK ENVIRONMENT BASED ON NATIONAL ORIGIN**
**(Suspension without Pay)**
**(Title VII)**

59. The allegations set forth in Paragraphs 1 through 8, and 10 are re-alleged as if fully set forth herein.

60. Lofton was the victim of retaliation due to her opposing a hostile work environment based on her national origin in violation of Title VII of the Civil Rights Act, as amended.

61. Lofton is an individual who is of American national origin.

62. Defendant's Caribbean employees regularly tried to end Plaintiff's employment with Defendant by falsely accusing Lofton of breaking work policies and the Caribbean employees altered patient records to remove Lofton's name as the patient registrar assigned. The Caribbean

employees engaged in such deception to end Lofton's employment because of Lofton's national origin.

63. Only Lofton's Caribbean co-workers would berate Lofton pervasively to the point of causing her depression and anxiety.

64. On or about August 2018, Lofton then told Manager Derrell Spivey, Director Kisha Edwards and human resource employee, Vincenza Billisi, that she was being harassed by her fellow co-workers.

65. As the hostile behavior continued, on or about February 19, 2019 Lofton complained again to Manager Spivey in hopes of ending the hostility.

66. On or about February 2019, Ms. Lofton went to the Ethics Department of Defendant and spoke to Gail McLuckie about the aforementioned hostile behavior from Defendant's Caribbean employees.

67. During June 2019, as a result of Lofton's national origin, Caribbean employee of Defendant, Pamela Harris, physically assaulted and battered Lofton during work hours, on Defendant's property, and in front of Manager Spivey and Director Kisha Edwards.

68. The totality of the aforementioned hostile behavior towards Lofton was sufficiently severe and pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment.

69. Lofton told Manager Spivey and Director Edwards of her opposition to the assault and battery committed by Ms. Harris. Manager Spivey and Director Edwards failed to call the police, instead Lofton did so.

70. As a result of opposing the hostile work environment that was continued by Ms. Harris' assault and battery, which was based on Plaintiff's national origin, Plaintiff's employment was suspended without pay approximately a day later in retaliation by Defendant.

71. Title VII of the Civil Rights Act outlaws retaliation, which occurs when an employer discriminates against an employee because that person has opposed any practice which is an unlawful employment practice.

72. The hostile work environment that was created by Defendant's Caribbean employees was based on Plaintiff's national origin, which is an unlawful employment practice.

73. Defendant has no legitimate non-retaliatory, non-discriminatory reason for suspending Plaintiff without pay.

74. Plaintiff is qualified for the position of patient registrar.

75. As a result of the Defendant's unlawful suspension without pay for opposing the aforementioned hostile work environment, Plaintiff has suffered mental anguish and embarrassment.

76. During all times material, Defendant's employees, including, but not limited to, Pamela Harris, Manager Derrell Spivey, and Director Kisha Edwards, acted within the scope of their employment with Defendant.

77. Lofton has exhausted all the requisite administrative remedies prior to bringing this action. Specifically, but not as a limitation, Lofton timely filed a Charge of Discrimination with the EEOC.  Pursuant to a work sharing agreement, the Charge was dual filed with the FCHR.

78. The EEOC provided Lofton with a Right to Sue letter on or about January 11, 2021. Lofton timely commenced this action.

WHEREFORE Plaintiff demands judgment against Defendant and respectfully requests

declaratory relief and all damages, including back pay, front pay, wages, salary, and fringe benefits, compensatory damages, including those for future loss, emotional distress, pain and suffering, inconvenience and embarrassment, mental anguish, and enjoyment of life, punitive damages, plus pre-judgment interest, post-judgment interest, taxable costs and attorneys' fees, and any other relief deemed just and proper by the Court.

**COUNT IV**
**<u>RETALIATION DUE TO OPPOSING HOSTILE WORK ENVIRONMENT BASED ON</u>**
**<u>NATIONAL ORIGIN DISCRIMINATION</u>**
**(Termination)**
**(Title VII)**

79. The allegations set forth in Paragraphs 1 through 8, and 10 are re-alleged as if fully set forth herein.

80. Lofton was the victim of retaliation due to her opposing a hostile work environment based on her national origin in violation of Title VII of the Civil Rights Act.

81. Lofton is an individual who is of American national origin.

82. Defendant's Caribbean employees regularly tried to end Plaintiff's employment with Defendant by falsely accusing Lofton of breaking work policies and the Caribbean employees altered patient records to remove Lofton's name as the patient registrar assigned. The Caribbean employees engaged in such deception to end Lofton's employment because of Lofton's national origin.

83. Only Lofton's Caribbean co-workers would berate Lofton pervasively to the point of causing her depression and anxiety.

84. On or about August 2018, Lofton then told Manager Derrell Spivey, Director Kisha Edwards and human resource employee, Vincenza Billisi, that she was being harassed by her fellow co-workers.

85. As the hostile behavior continued, on or about February 19, 2019 Lofton complained again to Manager Spivey in hopes of ending the hostility.

86. On or about February 2019, Ms. Lofton went to the Ethics Department of Defendant and spoke to Gail McLuckie about the aforementioned hostile behavior from Defendant's Caribbean employees.

87. During June 2019, as a result of Lofton's national origin, Caribbean employee of Defendant, Pamela Harris, physically assaulted and battered Lofton during work hours, on work property, and in front of Manager Spivey and Director Kisha Edwards.

88. The totality of the aforementioned hostile behavior towards Lofton was sufficiently severe and pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment.

89. Lofton told Manager Spivey and Director Edwards of her opposition to the assault and battery. Manager Spivey and Director Edwards failed to call the police, instead Lofton did so.

90. As a result of opposing the hostile work environment that was continued by Ms. Harris' assault and battery, which was based on Plaintiff's national origin, Plaintiff's employment was terminated in retaliation on or about June 24, 2019.

91. Title VII of the Civil Rights Act outlaws retaliation, which occurs when an employer discriminates against an employee because that person has opposed any practice which is an unlawful employment practice.

92. The hostile work environment that was created by Defendant's Caribbean employees was based on Plaintiff's national origin, which is an unlawful employment practice.

93. Defendant has no legitimate non-retaliatory, non-discriminatory reason for terminating Plaintiff's employment.

94. Plaintiff is qualified for the position of patient registrar.

95. As a result of the Defendant's unlawful termination for opposing the aforementioned hostile work environment, Plaintiff has suffered mental anguish and embarrassment.

96. During all times material, Defendant's employees, including, but not limited to, Pamela Harris, Manager Derrell Spivey, and Director Kisha Edwards, acted within the scope of their employment with Defendant.

97. Lofton has exhausted all the requisite administrative remedies prior to bringing this action. Specifically, but not as a limitation, Lofton timely filed a Charge of Discrimination with the EEOC.  Pursuant to a work sharing agreement, the Charge was dual filed with the FCHR.

98. The EEOC provided Lofton with a Right to Sue letter on or about January 11, 2021. Lofton timely commenced this action.

WHEREFORE Plaintiff demands judgment against Defendant and respectfully requests declaratory relief and all damages, including back pay, front pay, wages, salary, and fringe benefits, compensatory damages, including those for future loss, emotional distress, pain and suffering, inconvenience and embarrassment, mental anguish, and enjoyment of life, punitive damages, plus pre-judgment interest, post-judgment interest, taxable costs and attorneys' fees, and any other relief deemed just and proper by the Court.

## COUNT V
## <u>FAILURE TO ACCOMODATE IN VIOLATION OF THE ADA</u>

99. The allegations set forth in Paragraphs 1 through 8, and 10 are re-alleged as if fully set forth herein.

100.      Lofton is a qualified individual within the meaning of 42 U.S.C. § 12111(8) and is disabled in that she has anxiety and depression, and Defendant perceives her to be disabled.

101.     Lofton was an employee of Defendant within the meaning of 42 U.S.C. § 12111(4).

102.     Defendant's Caribbean employees regularly tried to end Plaintiff's employment with Defendant by falsely accusing Lofton of breaking work policies and the Caribbean employees altered patient records to remove Lofton's name as the patient registrar assigned.

103.     Only Lofton's Caribbean co-workers would berate Lofton pervasively to the point of causing her depression and anxiety.

104.     On or about August 2018, Lofton told Manager Derrell Spivey, Director Kisha Edwards and human resource employee, Vincenza Billisi, that she was being harassed by her fellow co-workers.

105.     On or about early February 2019, Ms. Lofton went to the Ethics Department of Defendant and spoke to Gail McLuckie about the aforementioned hostile behavior from Defendant's Caribbean employees.

106.     As the hostile behavior continued, on or about February 19, 2019 Lofton complained again to Manager Derrell Spivey in hopes of ending the harassment.

107.     When Defendant's management failed to end the hostile behavior, Lofton went on medical leave because her disabilities were getting worse due to said hostility.

108.     When Lofton returned to work from medical leave in June 2019, as a reasonable accommodation she requested that she be put on a work shift that separated her from the aforementioned Caribbean employees that are being hostile towards her.

109.     Lofton's shift was then changed. Specifically Lofton was put on the 11:00am to 7:00pm shift and worked in admissions for part of the shift.

110.     However, shortly thereafter Lofton's shift was changed to 6:00pm to 2:00am, and Lofton was told that her shift would eventually change again to 11:00pm to 7:00am. Lofton was unable to work the 6:00pm to 2:00am shift and the 11:00pm to 7:00am shift due to her disabilities.

111.     The shift change to 6:00pm to 2:00am, and the planned eventual change to 11:00pm to 7:00am was ordered by Manager Spivey and Director Kisha Edwards only to please one of Defendant's Caribbean employees, Pamela Harris. Thus, in a very short time and in violation of the Americans with Disabilities Act, Lofton lost and was denied her reasonable accommodation that was not an undue burden upon Defendant.

112.     Lofton told Manager Spivey and Director Edwards of her inability to work 6:00pm to 2:00am, and 11:00pm to 7:00am.  Both Manager Spivey and Director Edwards were dismissive and told Lofton they were not going to change their minds.

113.     As a result of the aforesaid unlawful failure to accommodate Lofton in violation of the ADA, Lofton suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

114.     During all times material, Defendant's employees, including, but not limited to, Pamela Harris, Manager Derrell Spivey, and Director Kisha Edwards, acted within the scope of their employment with Defendant.

115.     Lofton has exhausted all the requisite administrative remedies prior to bringing this action. Specifically, but not as a limitation, Lofton timely filed a Charge of Discrimination with the EEOC.  Pursuant to a work sharing agreement, the Charge was dual filed with the FCHR.

116.     The EEOC provided Lofton with a Right to Sue letter on or about January 11, 2021.  Lofton timely commenced this action.

WHEREFORE Plaintiff demands judgment against Defendant and respectfully requests declaratory relief and all damages, including back pay, front pay, wages, salary, and fringe benefits, compensatory damages, including those for future loss, emotional distress, pain and suffering, inconvenience and embarrassment, mental anguish, and enjoyment of life, punitive damages, plus pre-judgment interest, post-judgment interest, taxable costs and attorneys' fees, and any other relief deemed just and proper by the Court.

**COUNT VI**
**RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**
**(Suspension without pay)**

117.     The allegations set forth in Paragraphs 1 through 8, and 10 are re-alleged as if fully set forth herein.

118.     Lofton is a qualified individual within the meaning of 42 U.S.C. § 12111(8) and is disabled in that she has anxiety and depression, and Defendant perceives her to be disabled.

119.     Lofton was an employee of Defendant within the meaning of 42 U.S.C. § 12111(4).

120.     Defendant's Caribbean employees regularly tried to end Plaintiff's employment with Defendant by falsely accusing Lofton of breaking work policies and the Caribbean employees altered patient records to remove Lofton's name as the patient registrar assigned.

121.     Only Lofton's Caribbean co-workers would berate Lofton pervasively to the point of causing her depression and anxiety.

122.     On or about August 2018, Lofton then told Manager Derrell Spivey, Director Kisha Edwards and human resource employee, Vincenza Billisi, that she was being harassed by her fellow co-workers.

123.     On or about early February 2019, Ms. Lofton went to the Ethics Department of Defendant and spoke to Gail McLuckie about the aforementioned hostile behavior from Defendant's Caribbean employees.

124.     As the hostile behavior continued, on or about February 19, 2019 Lofton complained again to Manager Derrell Spivey in hopes of ending the harassment.

125.     When Defendant's management failed to end the hostile behavior, Lofton went on medical leave because her disabilities were getting worse due to said hostility.

126.     When Lofton returned to work from medical leave in June 2019, as a reasonable accommodation she requested that she be put on a work shift that separated her from the aforementioned Caribbean employees that are being hostile towards her.

127.     Lofton's shift was then changed. Specifically Lofton was put on the 11:00am to 7:00pm shift and worked in admissions for part of the shift which was not an undue burden upon Defendant.

128.     However, shortly thereafter Lofton's shift was changed to 6:00pm to 2:00am, and Lofton was told that her shift would eventually change again to 11:00pm to 7:00am. Lofton was unable to work the 6:00pm to 2:00am shift and the 11:00pm to 7:00am shift due to her disabilities.

129.     Lofton told Manager Spivey and Director Edwards of her inability to work 6:00pm to 2:00am, and 11:00pm to 7:00am.  Both Manager Spivey and Director Edwards were dismissive and told Lofton they were not going to change their minds.

130.     As a result of Lofton expressing her desire to remain on the 11:00am to 7:00pm shift as a reasonable accommodation, Defendant then retaliated against Lofton for making the reasonable accommodation request by suspending Lofton without pay.

131.     As a result of the aforesaid unlawful suspension without pay, Lofton suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

132.     During all times material, Defendant's employees, including, but not limited to, Pamela Harris, Manager Derrell Spivey, and Director Kisha Edwards, acted within the scope of their employment with Defendant.

133.     Lofton has exhausted all the requisite administrative remedies prior to bringing this action. Specifically, but not as a limitation, Lofton timely filed a Charge of Discrimination with the EEOC.  Pursuant to a work sharing agreement, the Charge was dual filed with the FCHR.

134.     The EEOC provided Lofton with a Right to Sue letter on or about January 11, 2021.  Lofton timely commenced this action.

WHEREFORE Plaintiff demands judgment against Defendant and respectfully requests declaratory relief and all damages, including back pay, front pay, wages, salary, and fringe benefits, compensatory damages, including those for future loss, emotional distress, pain and suffering, inconvenience and embarrassment, mental anguish, and enjoyment of life, punitive damages, plus pre-judgment interest, post-judgment interest, taxable costs and attorneys' fees, and any other relief deemed just and proper by the Court.

## COUNT VII
## RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### (Termination)

135.     The allegations set forth in Paragraphs 1 through 8, and 10 are re-alleged as if

fully set forth herein.

136.     Lofton is a qualified individual within the meaning of 42 U.S.C. § 12111(8) and is disabled in that she has anxiety and depression, and Defendant perceives her to be disabled.

137.     Lofton is an employee of Defendant within the meaning of 42 U.S.C. § 12111(4).

138.     Defendant's Caribbean employees regularly tried to end Plaintiff's employment with Defendant by falsely accusing Lofton of breaking work policies and the Caribbean employees altered patient records to remove Lofton's name as the patient registrar assigned.

139.     Only Lofton's Caribbean co-workers would berate Lofton pervasively to the point of causing her depression and anxiety.

140.     On or about August 2018, Lofton then told Manager Derrell Spivey, Director Kisha Edwards and human resource employee, Vincenza Billisi, that she was being harassed by her fellow co-workers.

141.     On or about early February 2019, Ms. Lofton went to the Ethics Department of Defendant and spoke to Gail McLuckie about the aforementioned hostile behavior from Defendant's Caribbean employees.

142.     As the hostile behavior continued, on or about February 19, 2019 Lofton complained again to Manager Derrell Spivey in hopes of ending the harassment.

143.     When Defendant's management failed to end the hostile behavior, Lofton went on medical leave because her disabilities were getting worse due to said hostility.

144.     When Lofton returned to work from medical leave in June 2019, as a reasonable accommodation she requested that she be put on a work shift that separated her from the aforementioned Caribbean employees that are being hostile towards her.

145.     Lofton's shift was then changed. Specifically Lofton was put on the 11:00am to 7:00pm shift and worked in admissions for part of the shift which was not an undue burden upon Defendant.

146.     However, shortly thereafter Lofton's shift was changed to 6:00pm to 2:00am, and Lofton was told that her shift would eventually change again to 11:00pm to 7:00am. Lofton was unable to work the 6:00pm to 2:00am shift and the 11:00pm to 7:00am shift due to her disabilities.

147.     Lofton told Manager Spivey and Director Edwards of her inability to work 6:00pm to 2:00am, and 11:00pm to 7:00am.  Both Manager Spivey and Director Edwards were dismissive and told Lofton they were not going to change their minds.

148.     As a result of Lofton expressing her desire to remain on the 11:00am to 7:00pm shift as a reasonable accommodation, Defendant then retaliated against Lofton for making the reasonable accommodation request by terminating her employment on or about June 24, 2019.

149.     As a result of the aforesaid unlawful termination, Lofton suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

150.     During all times material, Defendant's employees, including, but not limited to, Pamela Harris, Manager Derrell Spivey, and Director Kisha Edwards, acted within the scope of their employment with Defendant.

151.     Lofton has exhausted all the requisite administrative remedies prior to bringing this action. Specifically, but not as a limitation, Lofton timely filed a Charge of Discrimination with the EEOC.  Pursuant to a work sharing agreement, the Charge was dual filed with the FCHR.

152.     The EEOC provided Lofton with a Right to Sue letter on or about January 11, 2021.  Lofton timely commenced this action.

WHEREFORE Plaintiff demands judgment against Defendant and respectfully requests declaratory relief and all damages, including back pay, front pay, wages, salary, and fringe benefits, compensatory damages, including those for future loss, emotional distress, pain and suffering, inconvenience and embarrassment, mental anguish, and enjoyment of life, punitive damages, plus pre-judgment interest, post-judgment interest, taxable costs and attorneys' fees, and any other relief deemed just and proper by the Court.

**COUNT VIII**
**HOSTILE WORK ENVIRONMENT BASED ON NATIONAL ORIGIN**
**(Florida Civil Rights Act)**

153.     The allegations set forth in Paragraphs 1 through 8, and 10 are re-alleged as if fully set forth herein.

154.     Plaintiff is of American national origin.

155.     Plaintiff was the victim of discrimination on the basis of her national origin in violation of the Florida Civil Rights Act.

156.     Defendant's Caribbean employees regularly tried to end Lofton's employment with Defendant by falsely accusing Lofton of breaking work policies and the Caribbean employees altered patient records to remove Lofton's name as the patient registrar assigned.  The Caribbean employees engaged in such deception to end Lofton's employment because of Lofton's national origin.

157.     Only Lofton's Caribbean co-workers would berate Lofton pervasively to the point of causing her depression and anxiety.

158.     On or about August 2018, Lofton then told Manager Derrell Spivey, Director Kisha Edwards and human resource employee, Vincenza Billisi, that she was being harassed by her fellow co-workers.

159.     As the hostile behavior continued, on or about February 19, 2019 Lofton complained again to Manager Spivey in hopes of ending the hostility.

160.     On or about February 2019, Lofton went to the Ethics Department of Defendant and spoke to Gail McLuckie about the aforementioned hostile behavior from Defendant's Caribbean employees.

161.     Due to management's failure to protect her from hostility, Lofton requested medical leave on or about February 22, 2019.

162.     Lofton returned from medical leave in June 2019.  As a result of Lofton's national origin, Caribbean employee of Defendant, Pamela Harris, physically assaulted and battered Lofton during work hours, on Defendant's property, and in front of Manager Derrell Spivey and Director Kisha Edwards.

163.     The totality of the aforementioned hostile behavior towards Lofton was sufficiently severe and pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment based on Plaintiff's national origin.

164.     Similarly-situated employees not in Plaintiff's protected class of American, were more favorably treated and were not assaulted and battered, and not pervasively berated.

165.     Plaintiff is qualified for the position of patient registrar.

166.     As a result of the Defendant's unlawful hostile work environment based on her national origin, Plaintiff has suffered mental anguish and embarrassment.

167.     During all times material, Defendant's employees, including, but not limited to, Pamela Harris, Manager Derrell Spivey, and Director Kisha Edwards, acted within the scope of their employment with Defendant.

168.     Lofton has exhausted all the requisite administrative remedies prior to bringing this action. Specifically, but not as a limitation, Lofton timely filed a Charge of Discrimination with the EEOC.  Pursuant to a work sharing agreement, the Charge was dual filed with the FCHR.

169.     The EEOC provided Lofton with a Right to Sue letter on or about January 11, 2021. More than one hundred eighty days have passed since the filing of the Charge and the FCHR has not issued either a "cause" or "no cause" finding. Lofton timely commenced this action.

WHEREFORE Plaintiff demands judgment against Defendant and respectfully requests all damages, including back pay, front pay, wages, salary, and fringe benefits, compensatory damages, including those for future loss, emotional distress, pain and suffering, inconvenience and embarrassment, mental anguish, and enjoyment of life, punitive damages, plus pre-judgment interest, post-judgment interest, taxable costs and attorneys' fees, and any other relief deemed just and proper by the Court.

**COUNT IX**
**RETALIATION DUE TO OPPOSING NATIONAL ORIGIN DISCRIMINATION**
**(Suspension without Pay)**
**(Florida Civil Rights Act)**

170.     The allegations set forth in Paragraphs 1 through 8, and 10 are re-alleged as if fully set forth herein.

171.     Lofton was the victim of retaliation due to her opposing a hostile work environment based on her national origin in violation of the Florida Civil Rights Act.

172.     Lofton is an individual who is of American national origin.

173.     Defendant's Caribbean employees regularly tried to end Plaintiff's employment with Defendant by falsely accusing Lofton of breaking work policies and the Caribbean employees altered patient records to remove Lofton's name as the patient registrar assigned.  The Caribbean employees engaged in such deception to end Lofton's employment because of Lofton's national origin.

174.     Only Lofton's Caribbean co-workers would berate Lofton pervasively to the point of causing her depression and anxiety.

175.     On or about August 2018, Lofton then told Manager Derrell Spivey, Director Kisha Edwards and human resource employee, Vincenza Billisi, that she was being harassed by her fellow co-workers.

176.     As the hostile behavior continued, on or about February 19, 2019 Lofton complained again to Manager Spivey in hopes of ending the hostility.

177.     On or about February 2019, Ms. Lofton went to the Ethics Department of Defendant and spoke to Gail McLuckie about the aforementioned hostile behavior from Defendant's Caribbean employees.

178.     In June 2019, as a result of Lofton's national origin, Caribbean employee of Defendant, Pamela Harris, physically assaulted and battered Lofton during work hours, on work property, and in front of Manager Spivey and Director Edwards.

179.     The totality of the aforementioned hostile behavior towards Lofton was sufficiently severe and pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment.

180.     Lofton told Manager Spivey and Director Edwards of her opposition to the assault and battery committed by Ms. Harris. Manager Spivey and Director Edwards failed to call the police, instead Lofton did so.

181.     As a result of opposing the hostile work environment that was continued by Ms. Harris' assault and battery, which was based on Plaintiff's national origin, Plaintiff's employment was suspended without pay approximately a day later in retaliation by Defendant.

182.     The Florida Civil Rights Act outlaws retaliation, which occurs when an employer discriminates against an employee because that person has opposed any practice which is an unlawful employment practice.

183.     The hostile work environment that was created by Defendant's Caribbean employees was based on Plaintiff's national origin, which is an unlawful employment practice.

184.     Defendant has no legitimate non-retaliatory, non-discriminatory reason for suspending Plaintiff without pay.

185.     Plaintiff is qualified for the position of patient registrar.

186.     As a result of the Defendant's unlawful suspension without pay for opposing the aforementioned hostile work environment, Plaintiff has suffered mental anguish and embarrassment.

187.     During all times material, Defendant's employees, including, but not limited to, Pamela Harris, Manager Derrell Spivey, and Director Kisha Edwards, acted within the scope of their employment with Defendant.

188.     Lofton has exhausted all the requisite administrative remedies prior to bringing this action. Specifically, but not as a limitation, Lofton timely filed a Charge of Discrimination

with the EEOC.  Pursuant to a work sharing agreement, the Charge was dual filed with the FCHR.

189.    The EEOC provided Lofton with a Right to Sue letter on or about January 11, 2021. More than one hundred eighty days have passed since the filing of the Charge and the FCHR has not issued either a "cause" or "no cause" finding. Lofton timely commenced this action.

WHEREFORE Plaintiff demands judgment against Defendant and respectfully requests all damages, including back pay, front pay, wages, salary, and fringe benefits, compensatory damages, including those for future loss, emotional distress, pain and suffering, inconvenience and embarrassment, mental anguish, and enjoyment of life, punitive damages, plus pre-judgment interest, post-judgment interest, taxable costs and attorneys' fees, and any other relief deemed just and proper by the Court.

## COUNT X
## RETALIATION DUE TO OPPOSING NATIONAL ORIGIN DISCRIMINATION
### (Termination)
### (Florida Civil Rights Act)

190.    The allegations set forth in Paragraphs 1 through 8, and 10 are re-alleged as if fully set forth herein.

191.    Lofton was the victim of retaliation due to her opposing a hostile work environment based on her national origin in violation of the Florida Civil Rights Act.

192.    Lofton is an individual who is of American national origin.

193.    Defendant's Caribbean employees regularly tried to end Plaintiff's employment with Defendant by falsely accusing Lofton of breaking work policies and the Caribbean employees altered patient records to remove Lofton's name as the patient registrar assigned.  The

Caribbean employees engaged in such deception to end Lofton's employment because of Lofton's national origin.

194.    Only Lofton's Caribbean co-workers would berate Lofton pervasively to the point of causing her depression and anxiety.

195.    On or about August 2018, Lofton then told Manager Derrell Spivey, Director Kisha Edwards and human resource employee, Vincenza Billisi, that she was being harassed by her fellow co-workers.

196.    As the hostile behavior continued, on or about February 19, 2019 Lofton complained again to Manager Spivey in hopes of ending the hostility

197.    On or about February 2019, Ms. Lofton went to the Ethics Department of Defendant and spoke to Gail McLuckie about the aforementioned hostile behavior from Defendant's Caribbean employees.

198.    In June 2019, as a result of Lofton's national origin, Caribbean employee of Defendant, Pamela Harris, physically assaulted and battered Lofton during work hours, on Defendant's property, and in front of Manager Spivey and Director Kisha Edwards.

199.    The totality of the aforementioned hostile behavior towards Lofton was sufficiently severe and pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment.

200.    Lofton told Manager Spivey and Director Edwards of her opposition to the assault and battery. Manager Spivey and Director Edwards failed to call the police, instead Lofton did so.

201.     As a result of opposing the hostile work environment that was continued by Ms. Harris' assault and battery, which was based on Plaintiff's national origin, Plaintiff's employment was terminated in retaliation on or about June 24, 2019.

202.     The Florida Civil Rights Act outlaws retaliation, which occurs when an employer discriminates against an employee because that person has opposed any practice which is an unlawful employment practice.

203.     The hostile work environment that was created by Defendant's Caribbean employees was based on Plaintiff's national origin, which is an unlawful employment practice.

204.     Defendant has no legitimate non-retaliatory, non-discriminatory reason for terminating Plaintiff's employment.

205.     Plaintiff is qualified for the position of patient registrar.

206.     As a result of the Defendant's unlawful termination for opposing the aforementioned hostile work environment, Plaintiff has suffered mental anguish and embarrassment.

207.     During all times material, Defendant's employees, including, but not limited to, Pamela Harris, Manager Derrell Spivey, and Director Kisha Edwards, acted within the scope of their employment with Defendant.

208.     Lofton has exhausted all the requisite administrative remedies prior to bringing this action. Specifically, but not as a limitation, Lofton timely filed a Charge of Discrimination with the EEOC.  Pursuant to a work sharing agreement, the Charge was dual filed with the FCHR.

209.     The EEOC provided Lofton with a Right to Sue letter on or about January 11, 2021. More than one hundred eighty days have passed since the filing of the Charge and the

FCHR has not issued either a "cause" or "no cause" finding. Lofton timely commenced this action.

WHEREFORE Plaintiff demands judgment against Defendant and respectfully requests all damages, including back pay, front pay, wages, salary, and fringe benefits, compensatory damages, including those for future loss, emotional distress, pain and suffering, inconvenience and embarrassment, mental anguish, and enjoyment of life, punitive damages, plus pre-judgment interest, post-judgment interest, taxable costs and attorneys' fees, and any other relief deemed just and proper by the Court.

**COUNT XI**
**FAILURE TO ACCOMODATE IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**

210.     The allegations set forth in Paragraphs 1 through 8, and 10 are re-alleged as if fully set forth herein.

211.     Lofton is an individual qualified to be a patient registrar.

212.     Lofton is an individual with disabilities in that she has anxiety and depression and Defendant perceives her to be disabled.

213.     Lofton was an employee of Defendant.

214.     Defendant's Caribbean employees regularly tried to end Plaintiff's employment with Defendant by falsely accusing Lofton of breaking work policies and the Caribbean employees altered patient records to remove Lofton's name as the patient registrar assigned.

215.     Only Lofton's Caribbean co-workers would berate Lofton pervasively to the point of causing her depression and anxiety.

216.     On or about August 2018, Lofton told Manager Derrell Spivey, Director Kisha Edwards and human resource employee, Vincenza Billisi, that she was being harassed by her fellow co-workers.

217.     On or about early February 2019, Ms. Lofton went to the Ethics Department of Defendant and spoke to Gail McLuckie about the aforementioned hostile behavior from Defendant's Caribbean employees.

218.     As the hostile behavior continued, on or about February 19, 2019 Lofton complained again to Manager Derrell Spivey in hopes of ending the harassment.

219.     When Defendant's management failed to end the hostile behavior, Lofton went on medical leave because her disabilities were getting worse due to said hostility.

220.     When Lofton returned to work from medical leave in June 2019, as a reasonable accommodation she requested that she be put on a work shift that separated her from the aforementioned Caribbean employees that are being hostile towards her.

221.     Lofton's shift was then changed. Specifically Lofton was put on the 11:00am to 7:00pm shift and worked in admissions for part of the shift which was not an undue burden for Defendant.

222.     However, shortly thereafter Lofton's shift was changed to 6:00pm to 2:00am, and Lofton was told that her shift would eventually change again to 11:00pm to 7:00am. Lofton was unable to work the 6:00pm to 2:00am shift and the 11:00pm to 7:00am shift due to her disabilities.

223.     The change to 6:00pm to 2:00am, and the planned eventual change to 11:00pm to 7:00am were done by Manager Spivey and Director Edwards only to please one of Defendant's Caribbean employees, Pamela Harris. Thus, in a very short time and in violation of the Florida

Civil Rights Act, Lofton lost and was denied her reasonable accommodation that was not an undue burden upon Defendant.

224.    Lofton told Manager Spivey and Director Edwards of her inability to work 6:00pm to 2:00am, and 11:00pm to 7:00am.  Both Manager Spivey and Director Edwards were dismissive and told Lofton they were not going to change their minds.

225.    Defendant, in violation of the Florida Civil Rights Act, unlawfully denied Plaintiff the reasonable accommodation of working the 11:00am to 7:00pm shift.

226.    As a result of the aforesaid unlawful failure to accommodate Lofton in violation of the Florida Civil Rights Act, Lofton suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

227.    During all times material, Defendant's employees, including, but not limited to, Pamela Harris, Manager Derrell Spivey, and Director Kisha Edwards, acted within the scope of their employment with Defendant.

228.    Lofton has exhausted all the requisite administrative remedies prior to bringing this action. Specifically, but not as a limitation, Lofton timely filed a Charge of Discrimination with the EEOC.  Pursuant to a work sharing agreement, the Charge was dual filed with the FCHR.

229.    The EEOC provided Lofton with a Right to Sue letter on or about January 11, 2021. More than one hundred eighty days have passed since the filing of the Charge and the FCHR has not issued either a "cause" or "no cause" finding. Lofton timely commenced this action.

WHEREFORE Plaintiff demands judgment against Defendant and respectfully requests all damages, including back pay, front pay, wages, salary, and fringe benefits, compensatory

damages, including those for future loss, emotional distress, pain and suffering, inconvenience and embarrassment, mental anguish, and enjoyment of life, punitive damages, plus pre-judgment interest, post-judgment interest, taxable costs and attorneys' fees, and any other relief deemed just and proper by the Court.

## COUNT XII
## <u>RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT</u>
### (Suspension without pay)

230.     The allegations set forth in Paragraphs 1 through 8, and 10 are re-alleged as if fully set forth herein.

231.     Lofton is an individual qualified to be a patient registrar.

232.     Lofton is an individual with disabilities in that she has anxiety and depression and Defendant perceives her to be disabled.

233.     Lofton was an employee of Defendant.

234.     Defendant's Caribbean employees regularly tried to end Plaintiff's employment with Defendant by falsely accusing Lofton of breaking work policies and the Caribbean employees altered patient records to remove Lofton's name as the patient registrar assigned.

235.     Only Lofton's Caribbean co-workers would berate Lofton pervasively to the point of causing her depression and anxiety.

236.     On or about August 2018, Lofton told Manager Derrell Spivey, Director Kisha Edwards and human resource employee, Vincenza Billisi, that she was being harassed by her fellow co-workers.

237.     On or about early February 2019, Ms. Lofton went to the Ethics Department of Defendant and spoke to Gail McLuckie about the aforementioned hostile behavior from Defendant's Caribbean employees.

238.     As the hostile behavior continued, on or about February 19, 2019 Lofton complained again to Manager Derrell Spivey in hopes of ending the harassment.

239.     When Defendant's management failed to end the hostile behavior, Lofton went on medical leave because her disabilities were getting worse due to said hostility.

240.     When Lofton returned to work from medical leave in June 2019, as a reasonable accommodation she requested that she be put on a work shift that separated her from the aforementioned Caribbean employees that are being hostile towards her.

241.     Lofton's shift was then changed. Specifically Lofton was put on the 11:00am to 7:00pm shift and worked in admissions for part of the shift which was not an undue burden for Defendant.

242.     However, shortly thereafter Lofton's shift was changed to 6:00pm to 2:00am, and Lofton was told that her shift would eventually change again to 11:00pm to 7:00am. Lofton was unable to work the 6:00pm to 2:00am shift and the 11:00pm to 7:00am shift due to her disabilities.

243.     Lofton told Manager Spivey and Director Edwards of her inability to work 6:00pm to 2:00am, and 11:00pm to 7:00am.  Both Manager Spivey and Director Edwards were dismissive and told Lofton they were not going to change their minds.

244.     As a result of Lofton expressing her desire to remain on the 11:00am to 7:00pm shift as a reasonable accommodation, Defendant then retaliated against Lofton for making the reasonable accommodation request by suspending Lofton without pay.

245.     As a result of the aforesaid unlawful suspension without pay, Lofton suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

246.     During all times material, Defendant's employees, including, but not limited to, Pamela Harris, Manager Derrell Spivey, and Director Kisha Edwards, acted within the scope of their employment with Defendant.

247.     Lofton has exhausted all the requisite administrative remedies prior to bringing this action. Specifically, but not as a limitation, Lofton timely filed a Charge of Discrimination with the EEOC.  Pursuant to a work sharing agreement, the Charge was dual filed with the FCHR.

248.     The EEOC provided Lofton with a Right to Sue letter on or about January 11, 2021. More than one hundred eighty days have passed since the filing of the Charge and the FCHR has not issued either a "cause" or "no cause" finding. Lofton timely commenced this action.

WHEREFORE Plaintiff demands judgment against Defendant and respectfully requests all damages, including back pay, front pay, wages, salary, and fringe benefits, compensatory damages, including those for future loss, emotional distress, pain and suffering, inconvenience and embarrassment, mental anguish, and enjoyment of life, punitive damages, plus pre-judgment interest, post-judgment interest, taxable costs and attorneys' fees, and any other relief deemed just and proper by the Court.

## COUNT XIII
## RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
### (Termination)

249.     The allegations set forth in Paragraphs 1 through 8, and 10 are re-alleged as if fully set forth herein.

250.     Lofton is an individual qualified to be a patient registrar.

251.     Lofton is an individual with disabilities in that she has anxiety and depression and Defendant perceives her to be disabled.

252.     Lofton was an employee of Defendant.

253.     Defendant's Caribbean employees regularly tried to end Plaintiff's employment with Defendant by falsely accusing Lofton of breaking work policies and the Caribbean employees altered patient records to remove Lofton's name as the patient registrar assigned.

254.     Only Lofton's Caribbean co-workers would berate Lofton pervasively to the point of causing her depression and anxiety.

255.     On or about August 2018, Lofton then told Manager Derrell Spivey, Director Kisha Edwards and human resource employee, Vincenza Billisi, that she was being harassed by her fellow co-workers.

256.     On or about early February 2019, Ms. Lofton went to the Ethics Department of Defendant and spoke to Gail McLuckie about the aforementioned hostile behavior from Defendant's Caribbean employees.

257.     As the hostile behavior continued, on or about February 19, 2019 Lofton complained again to Manager Derrell Spivey in hopes of ending the harassment.

258.     When Defendant's management failed to end the hostile behavior, Lofton went on medical leave because her disabilities were getting worse due to said hostility.

259.     When Lofton returned to work from medical leave in June 2019, as a reasonable accommodation she requested that she be put on a work shift that separated her from the aforementioned Caribbean employees that are being hostile towards her.

260.     Lofton's shift was then changed. Specifically Lofton was put on the 11:00am to 7:00pm shift and worked in admissions for part of the shift which was not an undue burden for Defendant.

261.     However, shortly thereafter Lofton's shift was changed to 6:00pm to 2:00am, and Lofton was told that her shift would eventually change again to 11:00pm to 7:00am. Lofton was unable to work the 6:00pm to 2:00am shift and the 11:00pm to 7:00am shift due to her disabilities.

262.     Lofton told Manager Spivey and Director Edwards of her inability to work 6:00pm to 2:00am, and 11:00pm to 7:00am.  Both Manager Spivey and Director Edwards were dismissive and told Lofton they were not going to change their minds.

263.     As a result of Lofton expressing her desire to remain on the 11:00am to 7:00pm shift as a reasonable accommodation, Defendant then retaliated against Lofton for making the reasonable accommodation request by terminating her employment on or about June 24, 2019.

264.     As a result of the aforesaid unlawful termination, Lofton suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

265.     During all times material, Defendant's employees, including, but not limited to, Pamela Harris, Manager Derrell Spivey, and Director Kisha Edwards, acted within the scope of their employment with Defendant.

266.     Lofton has exhausted all the requisite administrative remedies prior to bringing this action. Specifically, but not as a limitation, Lofton timely filed a Charge of Discrimination with the EEOC.  Pursuant to a work sharing agreement, the Charge was dual filed with the FCHR.

267.    The EEOC provided Lofton with a Right to Sue letter on or about January 11, 2021. More than one hundred eighty days have passed since the filing of the Charge and the FCHR has not issued either a "cause" or "no cause" finding. Lofton timely commenced this action.

JURY TRIAL DEMAND

Plaintiff Arkeenya Lofton demands a trial by jury on all issues so triable.


Date: Tuesday, April 06, 2021

Respectfully submitted,


*/s Nnamdi Jackson*                          
Nnamdi S. Jackson
Fla. Bar No. 99804
The Law Office of Nnamdi S. Jackson, P.A.
2645 Executive Park Drive, suite 340
Weston, FL 33331
(954) 670-1267
njackson@nsjlawoffice.com